**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TALMADGE V. BURKS, JR.,

Plaintiff,

v.

PETER OBER, *et al.*,

Defendants.

Case No. 2:23-cv-639

**OPINION & ORDER**

Plaintiff Talmadge V. Burks, Jr. brought a *pro se* action against Defendants Kevin Hudson and Peter Ober, P.A. alleging civil rights violations stemming from the plaintiff's incarceration at the Rappahannock Regional Jail (RRJ). Specifically, the plaintiff alleges the defendants were deliberately indifferent to his medical needs by removing him from an opioid withdrawal treatment program. The defendants moved for summary judgment. ECF Nos. 66, 81. Because disputes of material fact persist as to who removed the plaintiff from his opioid withdrawal treatment program and who maintained responsibility over the plaintiff's care, summary judgment is not appropriate at this time. Therefore, the defendants' motions will be denied.

## I. BACKGROUND

At this stage the Court relies solely on undisputed facts. The plaintiff was a pretrial detainee during the timeframe relevant to his claims. ECF No. 39 at 1. While in custody at RRJ, the plaintiff received Suboxone to treat his opioid addiction. *See id.* at 3. On October 29, 2023, a nurse at RRJ administered the plaintiff's dose of

Suboxone by placing the dose under the plaintiff's tongue, and "dust" from the crushed pill was expelled onto the floor. *Id.* As a result of this incident, the plaintiff was removed from the Suboxone program. *Id.* at 4.

Defendant Ober is a physician's assistant employed with Rappahannock Creative Health Care (RCHC), where he serves as managing partner. ECF No. 69-1 at 2–6, ¶¶ 1–2 (Ober Declaration). RCHC has a "contract to provide medical services to" RRJ. *Id.* ¶ 3. Defendant Hudson is the Superintendent of RRJ, and he is "responsible for the safety and security of all inmates," which "includes addressing their medical needs." ECF No. 67-1 at 1–5, ¶ 1, 4 (Hudson Declaration). RRJ maintains a medical autonomy policy, which provides that RRJ administration and staff "will not restrict or impede the medical-dental opinions of the responsible physician" and such medical-dental opinions "are the sole province of the attending, responsible physician[] who will be allowed to operate without restriction." ECF No. 67-1 at 10 (Medical Autonomy Policy).

The plaintiff submitted a medical request form asking that he not be removed from the program as punishment. ECF No. 67-1 at 40. The plaintiff also filed a grievance regarding his removal from the program. ECF No. 67-1 at 65–67. The plaintiff's grievance was dismissed, and RRJ's Deputy Superintendent upheld the dismissal on appeal. ECF No. 67-1 at 64. The appeal response states that inmates "must adhere to strict policies in order to remain on the program" and that the "decision of the Medical Department . . . stands." *Id.* The plaintiff was later

hospitalized after experiencing chest pain while in drug withdrawal. ECF No. 67-1 at 28, 71 (medical records). He later sued pursuant to 42 U.S.C. § 1983.[1]

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine dispute "as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(a); *Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 418 (4th Cir. 2004). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party . . . [and] [a] fact is material if it might affect the outcome of the suit under the governing law." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (citations and quotation marks omitted). The moving party has the initial burden to show "the absence of an essential element of the nonmoving party's case" and to demonstrate that the moving party is "entitled to judgment as a matter of law." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004); *McLean v. Patten Cmtys., Inc.*,  F.3d 714, 718 (4th Cir. 2003); *see Celotex*, 477 U.S. at 322–25.

---

[1] Although the plaintiff purports to bring his deliberate indifference claims under the Eighth Amendment, the claims arise under the Fourteenth Amendment, because the plaintiff is a pretrial detainee. *See Short v. Hartman*, 87 F.4th 593, 608–12 (4th Cir. 2023).

When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Honor*, 383 F.3d at 185; *McLean*, 332 F.3d at 718–19. Such facts must be presented in the form of exhibits and sworn affidavits. *Celotex*, 477 U.S. at 324; *see M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993). To defeat a motion for summary judgment, the non-moving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, the mere existence of a scintilla of evidence, or the appearance of some metaphysical doubt concerning a material fact. *Beale v. Hardy,* F.2d 213, 214 (4th Cir. 1985); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 668, 671 (E.D. Va. 2004). Rather, there must be sufficient evidence that would enable a reasonable factfinder to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although, at the summary judgment phase, the Court is not to weigh the evidence to determine the truth of the matter, or make credibility determinations, the Court must "determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citation and quotation marks omitted); *see Jacobs*, 780 F.3d at 568–69. "The relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Stewart v. MTR Gaming Grp., Inc.*, 581 F. App'x 245, 247 (4th Cir. 2014) (unpublished) (citation and quotation marks omitted).

### B. Deliberate Indifference

To prevail on a deliberate indifference claim, a pretrial detainee must demonstrate:

> [T]hat (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). In addition, non-medical officials, such as Defendant Hudson, can be held liable if they failed to promptly provide needed medical treatment, deliberately interfered with a doctor's treatment, or tacitly authorized or were indifferent to a doctor's misconduct. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). Furthermore, the plaintiff, "as a pre-trial detainee, need only show that the challenged government action was 'not rationally related to a legitimate nonpunitive purpose or [wa]s excessive in relation to that purpose' to establish deliberate indifference." *Swink v. S. Health Partners Inc.*, 160 F.4th 438, 451 (4th Cir. 2025) (quoting *Short*, 87 F.4th at 611).

## III. ANALYSIS

### A. Medical Condition

Evidence in the record supports a finding that the plaintiff suffers from Opioid Use Disorder (OUD). ECF No. 67-1 at 20 (medical records). The Fourth Circuit has

described OUD as "a progressive brain disease characterized by uncontrollable cravings for and/or dependence upon opioids." *Spurlock v. Wexford Health Sources, Inc.*, 175 F.4th 232, 239 (4th Cir. 2026). A reasonable jury, therefore, could conclude that the plaintiff was suffering from a serious medical condition during the relevant timeframe.

**B. Action or Failure to Act**

The two defendants present conflicting evidence about who made the decision to remove the plaintiff from the Suboxone program and why that decision was made. Defendant Hudson alleges Defendant Ober was responsible. *See* Hudson Decl. ¶ 19 (averring that "Ober discontinued [the] [p]laintiff's Suboxone treatment"). Defendant Ober asserts that the decision to remove the plaintiff from the Suboxone program was made by RRJ officials pursuant to RRJ policy, and that he was not involved in that decision. *See* Ober Decl. ¶¶ 16–17 (averring that, if RRJ "medical staff or officers make[] a determination that an inmate is diverting the Suboxone, they are taken out of the Suboxone Program" and that "RCHC plays no role in that decision").

It is not clear from the evidence the defendants submitted whether the plaintiff's removal was based upon medical judgment or non-medical disciplinary grounds. The questions of who bore responsibility for terminating the plaintiff from the program, and the reasons behind that decision, are questions of material fact, and the Court cannot resolve those questions on the record before it.

### C. Knowledge

Because the Court cannot determine who made the decision to discontinue the plaintiff's Suboxone, the Court similarly cannot determine which of the defendants knew or should have known that their actions or inactions posed an unjustifiably high risk of harm to the plaintiff.

Defendant Ober asserts that, once the plaintiff was placed on a detox protocol, the jail staff was responsible for monitoring the plaintiff's withdrawal symptoms. *See* Ober Decl. ¶¶ 23–25. The evidence Defendant Hudson submitted, however, indicates that Defendant Ober was ultimately responsible for the plaintiff's medical care. *See* Hudson Decl. ¶¶ 6–13; ECF No. 67-1 at 6–18. Thus, the defendants' evidence raises a jury question as to who knew or should have known about the plaintiff's condition and that removing him from Suboxone posed a serious risk of harm.

### D. Harm

The record evidence supports a finding that the plaintiff was harmed because of removal from the Suboxone program when he was hospitalized for "generalized abdominal pain, inflammation of urethra and drug withdrawal" shortly after removal. ECF No. 67-1 at 28, 71 (medical records); *see* Hudson Decl. ¶¶ 22–23.

Taking the evidence the defendants present in the light most favorable to the plaintiff, the Court finds factual disputes exist that would enable a reasonable jury to find in the plaintiff's favor. Therefore, the defendants fail to meet their initial burden as the movants.

## VI. CONCLUSION

Accordingly, the defendants' motions for summary judgment (ECF Nos. 66[2] & 81[3]) are **DENIED**.[4]

In light of this decision, the Court finds it appropriate to require the parties to participate in a settlement conference. The Court is willing to appoint counsel for the limited purpose of representing the plaintiff at such settlement conference. Therefore, the plaintiff's request for court-appointed counsel (ECF No. 84) is **GRANTED WITH MODIFICATION.**

If the plaintiff wishes to have counsel appointed for this limited purpose, he is **DIRECTED** to sign and return the enclosed Consent to Appointment of Counsel for Court Settlement Conference Only ("Consent Form") by October 1, 2026. Upon receipt of the signed Consent Form, the Court will enter an order appointing counsel and

[2] The plaintiff asks the Court to strike Defendant Hudson's summary judgment motion on the grounds that the motion was filed untimely. *See* ECF No. 78 at 1. Defendant Hudson's summary judgment motion was timely filed on October 6, 2025, in accordance with the Court's August 6, 2025 Order. *See* ECF No. 60 at 6; ECF No. 66 at 3, ECF No. 67 at 13. Therefore, the motion to strike (ECF No. 78) is **DENIED**.

[3] Defendant Ober's motion for leave to amend his motion for summary judgment (ECF No. 73) is **GRANTED**, and his original summary judgment motion (ECF No. 68) is **DISMISSED**.

Additionally, Defendant Ober's motion for extension (ECF No. 74) is **GRANTED**, and his reply is deemed timely filed.

[4] The plaintiff appears to request additional time to file another response to Defendant Ober's summary judgment motion. *See* ECF No. 76. Given the Court's ruling on the summary judgment motions, the plaintiff's motion for an extension (ECF No. 76) is unnecessary, so it is **DISMISSED** as **MOOT**.

providing additional information regarding the next steps to be taken in this litigation.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order and the Court's consent form to the plaintiff.

**IT IS SO ORDERED**.

/s/ JKW
Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 14, 2026